J-S34013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE A. DUGGINS | : | |
| | : | |
| Appellant | : | No. 1853 MDA 2024 |

Appeal from the PCRA Order Entered October 21, 2021
In the Court of Common Pleas of Wyoming County
Criminal Division at No: CP-66-CR-0000336-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE DUGGINS | : | |
| | : | |
| Appellant | : | No. 1854 MDA 2024 |

Appeal from the PCRA Order Entered October 21, 2021
In the Court of Common Pleas of Wyoming County
Criminal Division at No: CP-66-CR-0000337-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE A. DUGGINS | : | |
| | : | |
| Appellant | : | No. 1855 MDA 2024 |

Appeal from the PCRA Order Entered October 21, 2021
In the Court of Common Pleas of Wyoming County
Criminal Division at No: CP-66-CR-0000333-2019

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

J-S34013-25

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 23, 2026**

Appellant, George A. Duggins, appeals from the October 21, 2021, order of the Wyoming County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we vacate the order and remand for further proceedings consistent with this memorandum.

On May 18, 2020, Appellant pleaded guilty to three counts of aggravated assault, terroristic threats and driving under the influence: controlled substance across three dockets.  In exchange, he Commonwealth *nolle prossed* 11 counts of aggravated assault, eight counts of simple assault, seven counts of assault of prisoner, seven counts of resisting arrest, two counts of terroristic threats, disorderly conduct, and open lewdness.  Sentencing was deferred for the completion of a pre-sentence investigation ("PSI").  On June 4, 2020, Appellant was sentenced as follows:

337-2019

Count 1 (aggravated assault) – 90 to 180 months incarceration

Count 10 (aggravated assault) – 27 to 120 months incarceration, consecutive to Count 1

Count 11 (aggravated assault) – 27 to 120 months incarceration, consecutive to Count 10

336-2019

Terroristic threats – 9 to 36 months incarceration, consecutive to 337-2019 Count 11

- 2 -

<u>333-2019</u>

DUI: controlled substance – 3 to 6 months incarceration, concurrent with 336-2019

Appellant's aggregate sentence was 153 to 456 months (12 ¾ to 38 years) of incarceration. No direct appeal was filed.

Appellant filed a *pro se* PCRA petition on March 26, 2021. He requested reinstatement of his direct appellate rights because trial counsel failed to file a motion for reconsideration of his sentence or an appeal. William Thompson, Esquire, was appointed as PCRA counsel. There was no amended petition filed. An evidentiary hearing was held on October 19, 2021, wherein Appellant and trial counsel testified. The PCRA court denied Appellant's petition on October 21, 2021[1].

On December 11, 2023, Appellant filed a *pro se* petition for leave to amend his PCRA petition to include a claim of trial counsel's ineffectiveness based on counsel's failure to present his medical records as a mitigating factor at sentencing not knowing that there already was an October 21, 2021, order denying the petition. As a result, on December 14, 2023, the PCRA court issued an amended order correcting the date of the original order but otherwise did not amend its order further. On January 16, 2024, Appellant filed a *pro se* PCRA request for reinstatement of his appellate rights from the

---

[1] The order was dated October 21, 2020. The time stamp reflected the date of October 21, 2021. The trial court entered an amended order with the correct date on December 14, 2023.

order denying his PCRA petition that requested reinstatement of his direct appeal rights. Robert Buttner, Esquire, was appointed as PCRA counsel.

On June 4, 2024, Appellant filed a counseled motion to reinstate his appellate rights from the denial of his PCRA petition or, alternatively, a motion to amend the PCRA petition. In it, he asserted that the October 20, 2021, order denying Appellant's PCRA petition was only sent to counsel, the date was incorrect, and the order did not comply with Pa.R.Crim.P. 908(D)(1) and (E).[2] It further asserted that the amended order filed on December 14, 2023, also failed to comply with Rules 908(D)(1) and (E). Appellant contended trial counsel was ineffective by failing to send him a copy of the order denying his PCRA petition, and that the petition did not include notice of his right to appeal. Thereafter, on December 5, 2024, the PCRA court granted Appellant's request to reinstate his appellate rights from the denial of his PCRA petition under the order of October 21, 2021. This appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

_____

[2] Rule 908(D)(1) states that an order denying PCRA relief must be filed and served as provided in Pa.R.Crim.P. 114. Rule 908(E) requires the court "by certified mail, return receipt requested" to "advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed." Pa.R.Crim.P. 908(E).

The order denying Appellant's PCRA petition did not advise him of his right to appeal the decision. While the order only lists Appellant's counsel in the distribution, that is a permissible method of service pursuant to Rule 114 – in writing and delivered to counsel of record. *See* Pa.R.Crim.P. 114(3)(a)(i).

1. Did PCRA counsel render ineffective assistance of counsel in failing to raise a claim of ineffective assistance of counsel against trial counsel who failed to investigate, obtain and present medical records which were consequential and relevant to the offenses in 333-2019, 336-2019, and 337-2019 as mitigating evidence and present them at [Appellant's] sentencing hearing thereby depriving [Appellant] of a full and fair sentencing hearing and in failing to present the medical records as mitigating evidence through a motion for reconsideration of sentence?

   a. Should this matter be remanded back to the trial court for amendment to [Appellant's] *pro se* PCRA petition and evidentiary hearing?

Appellant's Brief, at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See e.g., Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

Preliminarily, we note that Appellant raises a claim challenging the effectiveness of initial PCRA counsel for the first time on appeal. Pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), "a petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro*

- 5 -

*se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, 263 A.3d at 401. Thus, we must determine whether Appellant is entitled to a remand on his layered ineffectiveness claim. We are guided by our Supreme Court:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Id.*** at 402 (citations, quotation marks and brackets omitted).

Appellant contends that the sentence imposed was excessive and that trial counsel, and initial PCRA counsel, were ineffective by failing to present his medical records as mitigating evidence during his sentencing hearing. ***See*** Appellant's Brief, at 21-26. He acknowledges that trial counsel "mentioned [Appellant's] addiction and medical treatment generally. However, he did not expound on what effect that may have had on his conduct [which led to the criminal charges]." ***Id.*** at 21.

On September 28, 2019, Appellant was arrested for DUI after police responded to reports of a male who drove his vehicle onto the complainant's driveway, got out of his vehicle, pulled his pants down, started hitting his chest, and poured water on himself. When police arrived, Appellant was lying

in a field with no shirt. He appeared confused and paranoid, and he admitted to smoking PCP 10 days prior. While being transported to the police station, officers noted that Appellant was hallucinating and had violent mood swings including screaming and threatening the officers. Appellant head butted the plastic divider in the patrol vehicle and started to kick the windows.

Later that evening, while at arraignment for the DUI offense, Appellant spit on the victim, a magisterial district judge, and threatened to kill him. As a result, Appellant was charged with aggravated assault[3].

On September 30, 2019, prior to being transported to Tyler Memorial Hospital for medical treatment, Appellant requested to take a shower. When finished, Appellant refused to dry off and threw water at the correction officers in the area, as well as a computer used for processing inmates. A struggle then ensued; Appellant bit a portion of an officer's ear off and intentionally struck several other officers causing injuries.

Appellant was interviewed on October 8, 2019, about the incident. He claimed that when he was arrested on the DUI, he was high on PCP. He then explained that he was afraid of the officers, but did not know why. Appellant said that he was not "right" due to his PCP use and was unsure how long the drugs stayed in his system. He remembered punching the officers, but did not intend to cause extensive injuries and apologized for his actions. As a

---

[3] Appellant ultimately plead to one count of terroristic threats on this docket.

result, Appellant was charged with multiple counts of aggravated assault, simple assault, assault by prisoner, and other related charges[4].

At sentencing, trial counsel noted that Appellant struggled with addiction to PCP, Xanax and marijuana, and had been in and out of rehabilitation programs. N.T. Sentencing, 6/4/20, at 13. Prior to September 28, 2019, Appellant hit rock bottom and decided to "go cold turkey" and quit all drugs without professional and medical assistance. *Id.* He travelled from his home in Connecticut to Delaware to console his mother after the loss of her brother. *Id.* Appellant was arrested on the DUI while travelling home to Connecticut from Delaware. *Id.* at 14.

Regarding Appellant's medical records, trial counsel noted that it showed (1) that he was in "serious withdrawals" from stopping his drug use and (2) that he told his therapist he wanted to continue to read the Bible. *Id.* at 14. No other information from the medical records was noted, nor were the records introduced into the record. The PSI provided little additional information. It stated Appellant used marijuana daily from the age of 14, PCP on weekends from age 15, and took multiple Xanax pills a day without a prescription.

Appellant argues that trial counsel was ineffective by not admitting his medical records as mitigating evidence at sentencing, and that initial PCRA counsel was ineffective by failing to raise trial counsel's ineffectiveness. The

---

[4] Appellant ultimately pleaded guilty to three counts of aggravated assault on this docket.

medical records show that upon his admission to Wyoming County Correctional Factility on September 28, 2019, he was placed on detox and suicide watch. *See* Appellant's Brief, at 22. His cell was covered with urine and feces, and he refused to eat for 36 hours. *Id.* at 23.

On September 30, 2019, the notes from Tyler Memorial Hospital indicate that Appellant was "uncooperative and showed positive signs for anxiety, delusions, and [both visual and auditory] hallucinations." *Id.* He tested positive for PCP and marijuana. *Id.* at 24. Appellant was diagnosed with "acute psychotic break, acute anxiety disorder, drug-induced psychosis, and psychosis secondary to noncompliance." *Id.* As a result, he was prescribed Ativan, Haldol, and Geodon IM. *Id.*

The same day, Appellant was transferred from Tyler Memorial Hospital to Moses Taylor Hospital, and his records indicate that he was restrained with leather restraints. *Id.* He was given Lorazepam which caused Appellant to become cooperative and unagitated. *Id.* The treating physician at Moses Taylor Hospital noted that Appellant suffered from "acute encephalopathy secondary to PCP overdose with [acute kidney injury]/rhabdomyolysis." *Id.*

Appellant returned to Wyoming County Correctional Facility on October 3, 2019, where he remained on detox and suicide watch. *Id.* at 25. It was noted that his hostile and psychotic state upon arrival was due to substance abuse and withdrawal symptoms. *Id.* "Review of the running intake screening forms reveals that, after [Appellant] returned from medical treatment and treated with antipsychotic medications, he was no longer

aggressive and combative." *Id.* By October 10, 2019, Appellant was engaged, cooperative and no longer a risk to himself or others. *Id.*

Appellant contends that the above information from his medical records "is indicative of mitigating evidence and sheds lights on the character of [Appellant] and why, though not excusing his conduct, he committed the criminal offenses[.]" *Id.* at 26.

Upon review, we conclude that Appellant's issue meets all of *Bradley*'s requirements to entitle him to a remand for further development of the record. Specifically, Appellant (1) "provide[d] more than mere boilerplate assertions of [initial] PCRA counsel's ineffectiveness;" (2) established that "there are material facts at issue concerning claims challenging [initial PCRA] counsel's stewardship;" and (3) demonstrated that "relief is not plainly unavailable as a matter of law." *Bradley*, 261 A.3d at 402. As explained above, while trial counsel mentioned Appellant's addiction issues, Appellant's medical records were not admitted showing the extent of his drug use and the effect it had on his behavior.

Moreover, the PCRA court found this issue waived because it was not raised during the October 19, 2021, PCRA hearing. It appears that the PCRA court misunderstood that Appellant raised a claim challenging initial PCRA counsel's stewardship pursuant to *Bradley*. As such, the PCRA court had no opportunity to consider Appellant's newly raised claim. Our Supreme Court emphasized "the role of the PCRA court as the court of first impression." *Commonwealth v. Greer*, 316 A.3d 623, 630 (Pa. 2024). "The PCRA court

should have the first opportunity to address factual and legal claims. An appellate court's proper role is to review the PCRA court's decision for an error of law or an abuse of discretion." *Id.* at 630-31 (citations and footnote omitted).

Accordingly, we conclude the most prudent course is to remand for the PCRA court to consider, in the first instance, Appellant's newly raised layered ineffectiveness claim that trial counsel failed to introduce Appellant's medical records as mitigating evidence, and initial PCRA counsel failed to raise trial counsel's ineffectiveness. Therefore, pursuant to *Bradley* and its progeny, we vacate the October 21, 2021, order dismissing Appellant's PCRA petition and remand this case for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/23/2026

- 11 -